ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
AMANDA M. BETTINELLI (California Bar No. 233927)
Assistant United States Attorney
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0470
    Facsimile: (213) 894-0141
    Email: amanda.bettinelli@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 11-1210-ODW |
|---|---|
| Plaintiff, | ) STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND |
| v. | ) (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL |
| DANI SMITH, aka "Dani McLeod" | ) ACT |
| Defendant. | ) **CURRENT TRIAL DATE: 04-17-2012** ) **PROPOSED TRIAL DATE: 06-12-2012** |

    Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Amanda M. Bettinelli, and defendant DANI SMITH, aka "Dani McLeod", by and through her counsel of record, Asal Akhondzadeh, DFPD hereby stipulate as follows:

    1. The Information in this case was filed on February 24, 2012. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on

February 27, 2012.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 17, 2012. Defendant is currently a fugitive.  Defendant was ordered to self-surrender on March 16, 2012 and failed to do so. On March 19, 2012, a warrant for her arrest was issued by this Court pursuant to Title 18, United States Code, Section 401 for Contempt of Court.

    2.   On February 27, 2012, the Court set a trial date of April 17, 2012.

    3.   Defendant was released on bond pending trial. Defendant had a self-surrender date of Friday, March 16, 2012 and failed to surrender.  The personal recognizance bond was revoked and an arrest warrant issued.  The parties estimate that the trial in this matter will last approximately two to three days.

    4.   This Court held a status conference in this matter on March 5, 2012.  At that conference, at the request of the parties, the Court continued the trial date from April 17, 2012 to June 12, 2012 at 9:00 a.m.  An oral waiver of Speedy Trial Act Rights of defendant was taken on the record. The government was instructed to prepare a Speedy Trial Act Stipulation and proposed order.  In addition, the Court instructed the government to prepare a stipulation for an examination regarding defendant's mental compency and a proposed order for a mental evaluation pursuant to Title 18, United States Code, Sections 4241(c) and 4247(c).

    5. Pursuant to the Court's Order, this stipulation is being prepared.  By this stipulation, the parties jointly move to continue the trial date to Tuesday, June 12, 212 at 9:00 a.m.,

1 the status conference to Monday, May 21, 2012 at 11:30 a.m., and
2 Monday, May 7, 2012 motions hearing at 11:30 a.m. The briefing
3 schedule for child witness testimony issues and other pre-trial
4 motions are as follows: Briefs due on Friday, April 20, 2012,
5 any replies (optional) are due on April 27, 2012. This is the
6 first request for a continuance.
7     6. The parties request the continuance based upon the
8 following facts, which the parties believe demonstrate good cause
9 to support the appropriate findings under the Speedy Trial Act
10 and which supplement the findings made by the Court at the status
11 conference:
12        a. Defendant is charged with a violation of Title 18,
13 United States Code, Section 13: Assimilating California Health
14 and Safety Code Section 11550(a) and California Penal Code Sectin
15 273a(b): Being Under the Influence of a Controlled Substance and
16 Child Abuse or Endangerment. A Class A misdemeanor. The
17 government has produced discovery to the defense, including
18 approximately 150 pages of written reports.
19        b. Due to the nature of the prosecution and the
20 administrative protections in place to protect the child victims
21 and the legal procedures necessary to obtain testimony from: (1)
22 the social worker who made the determination that the children
23 were in danger, and (2) the possibility of the deployment of
24 SSGT. Johnson on or near June 24, 2012, (3) the charges in the
25 indictment, and (4) the discovery produced to defendant, this
26 case is unusual with administrative and procedural complexities
27 given the witnesses who will be called to testify in the case.
28 Therefore, it is unreasonable to expect adequate preparation for

pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

     c. Defense counsel for defendant Smith is scheduled to be in a trial: (1) on April 17, 2012 in <u>United States v. Ward</u>, CR11-1067-DSF, which is estimated to last one to two days; (2) on April 17, 2012 in <u>United States v. Guzman</u>, CR12-0172-JSL, which is estimated to last one to two days; and (3)on May 15, 2012 in <u>United States v. Rubio</u>, CR12-0062-ODW, which is estimated to last one to two days.  Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

     d.  In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     e. On March 9, 2012, this Court issued an order for an examination regarding defendant's mental competency.  Pursuant to the Court's order, the Federal Bureau of Prisons shall submit a report to the Court regarding the results of the examination pursuant to 18 U.S.C. §§ 4241(c) and 4247(c) on or before April 23, 2012.  Should defense counsel desire a hearing at which to present evidence supporting or rebutting the results of the

competency evaluation, she shall notify the Court no latr than Thursday, April 26, 2012.  The Court will hold any competency hearing on Monday, April 30, 2012 at 11:30 a.m.  Pursuant to 18 U.S.C. § 3161(h)(1)(A): Any period of delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant is excludable. In addition, pursuant to 18 U.S.C. § 3161(h)(1)(F): Any period of delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization is excludable, except that any time consumed in excess of ten days from the date of an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

   f. There has been a delay in the execution of the Court's competency evaluation order due to defendant absconding from the Central District of California.  Pursuant to 18 U.S.C. § 3161(h)(3)(A): any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial is excludable.

   g. At the March 5, 2012, status conference, the Court advised defendant personally as to her rights under the Speedy Trial Act, and defendant knowingly and voluntarily agreed to the continuance of the trial date, and waived her right to be brought to trial earlier than June 12, 2012.

   h. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

   i. The government does not object to the continuance.

    j. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

   6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 5, 2012 to June 12, 2012, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(F), (h)(3)(A), (h)(7)(A), and (h)(7)(B)(i) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusually and procedurally complex, due to the nature of the prosecution and the witnesses involved, namely a child protection social worker subject and military personnel with an impending deployment in June 2012, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

```
                                    ANDRÉ BIROTTE JR.
                                    United States Attorney

                                    ROBERT E. DUGDALE
                                    Assistant United States Attorney
                                    Chief, Criminal Division


 3/29/2012                           /s/Amanda M. Bettinelli
DATE                                AMANDA M. BETTINELLI
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    United States of America
```

I am DANI SMITH's (aka "Dani McLeod's") attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 12, 2012 is an informed and voluntary one.

```
 3/29/2012                           /s/ with email authorization
DATE                                ASAL AKHONDZADEH, ESQ.
                                    Attorney for Defendant
                                    Dani Smith (aka "Dani McLeod")
```