```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    AMANDA M. BETTINELLI (California Bar No. 233927)
 4  Assistant United States Attorney
         1300 United States Courthouse
 5       312 North Spring Street
         Los Angeles, California 90012
 6       Telephone:  (213) 894-0470
         Facsimile:  (213) 894-0141
 7       Email:      amanda.bettinelli@usdoj.gov

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
JUN 6, 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR No. 11-1210-ODW |
|---|---|---|
| Plaintiff, | ) | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | ) | |
| DANI SMITH, aka "Dani McLeod" | ) | |
| Defendant. | ) | **CURRENT TRIAL DATE:** 06-12-2012<br>**PROPOSED TRIAL DATE:** 07-31-2012<br><br>Competency Hearing: 06-11-2012<br>Hearing Time: 9:00 a.m.<br><br>Motions Hearing: 07-27-2012<br>Hearing Time: 10:00 a.m. |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Amanda M. Bettinelli, and defendant DANI SMITH, aka "Dani McLeod", by and through her counsel of record, Asal Akhondzadeh, DFPD hereby stipulate as follows:

1. The Information in this case was filed on February 24, 2012. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on February 27, 2012. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April

17, 2012. Defendant was a fugitive. Defendant was ordered to self-surrender on March 16, 2012 and failed to do so. On March 19, 2012, a warrant for her arrest was issued by this Court pursuant to Title 18, United States Code, Section 401 for Contempt of Court.

2. On February 27, 2012, the Court set a trial date of April 17, 2012.

3. Defendant was released on bond pending trial. Defendant had a self-surrender date of Friday, March 16, 2012 and failed to surrender. The personal recognizance bond was revoked and an arrest warrant issued. The parties estimate that the trial in this matter will last approximately two to three days.

4. This Court held a status conference in this matter on March 5, 2012. At that conference, at the request of the parties, the Court continued the trial date from April 17, 2012 to June 12, 2012 at 9:00 a.m. An oral waiver of Speedy Trial Act Rights of defendant was taken on the record. The government was instructed to prepare a Speedy Trial Act Stipulation and proposed order. In addition, the Court instructed the government to prepare a stipulation for an examination regarding defendant's mental compency and a proposed order for a mental evaluation pursuant to Title 18, United States Code, Sections 4241(c) and 4247(c).

5. The parties jointly move to continue the trial date from June 12, 2012 to Tuesday, July 31, 212 at 9:00 a.m., the status conference and motions hearing to Friday, July 27, 2012 at 10:00 a.m. The briefing schedule for child witness testimony issues and other pre-trial motions are as follows: Briefs due on

1 Friday, June 22, 2012, any replies (optional) are due on June 29,
2 2012.
3     6. This is the second request for a continuance.
4     7. The parties request the continuance based upon the
5 procedural history of the case and the following facts, which the
6 parties believe demonstrate good cause to support the appropriate
7 findings under the Speedy Trial Act and which supplement the
8 findings made by the Court at the status conference:
9         a. Defendant is charged with a violation of Title 18,
10 United States Code, Section 13: Assimilating California Health
11 and Safety Code Section 11550(a) and California Penal Code Sectin
12 273a(b): Being Under the Influence of a Controlled Substance and
13 Child Abuse or Endangerment. A Class A misdemeanor. The
14 government has produced discovery to the defense, including
15 approximately 250 pages of written reports.
16         b. Due to the nature of the prosecution and the
17 administrative protections in place to protect the child victims
18 and the legal procedures necessary to obtain testimony from: (1)
19 the social worker who made the determination that the children
20 were in danger, and (2) the possibility of the deployment of
21 SSGT. Johnson originally set for June 24, 2012 as been
22 temporarily postponed due to a medical issue, (3) the charges in
23 the indictment, and (4) the discovery produced to defendant, this
24 case is unusual with administrative and procedural complexities
25 given the witnesses who will be called to testify in the case.
26 Therefore, it is unreasonable to expect adequate preparation for
27 pretrial proceedings or for the trial itself within the Speedy
28 Trial Act time limits.

1  c. Defense counsel for defendant Smith is scheduled to
2 be in a trial: (1) on June 26, 2012 in United States v. Ward,
3 CR11-1067-DSF, which is estimated to last two to three days; and
4 (2) on July 17, 2012 in United States v. Saucedo, CR12-0160-JVS,
5 which is estimated to last two days. Defense counsel has also
6 advised that she will be out of the country on pre-paid annual
7 leave from June 30, 2012 until July 15, 2012. Accordingly,
8 counsel represents that she will not have the time that she
9 believes is necessary to prepare to try this case on the current
10 trial date.
11  d. In light of the foregoing, counsel for defendant
12 also represents that additional time is necessary to confer with
13 defendant, conduct and complete an independent investigation of
14 the case, conduct and complete additional legal research
15 including for potential pre-trial motions, review the discovery
16 and potential evidence in the case, and prepare for trial in the
17 event that a pretrial resolution does not occur. Defense counsel
18 represents that failure to grant the continuance would deny her
19 reasonable time necessary for effective preparation, taking into
20 account the exercise of due diligence.
21  e. On March 9, 2012, this Court issued an order for an
22 examination regarding defendant's mental competency. Pursuant to
23 the Court's order, the Federal Bureau of Prisons were ordered to
24 submit a report to the Court regarding the results of the
25 examination pursuant to 18 U.S.C. §§ 4241(c) and 4247(c) on or
26 before April 23, 2012. Pursuant to 18 U.S.C. § 3161(h)(1)(A):
27 Any period of delay resulting from any proceeding, including any
28 examinations, to determine the mental competency or physical

capacity of the defendant is excludable. Dr. Gordon Zilberman requested additional time, the full statutory period of 45 days, to complete defendant's evaluation and to prepare his report. In addition, pursuant to 18 U.S.C. § 3161(h)(1)(F): Any period of delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization is excludable, except that any time consumed in excess of ten days from the date of an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

  f. There was a delay in the execution of the Court's competency evaluation order due to defendant absconding from the Central District of California. Pursuant to 18 U.S.C. § 3161(h)(3)(A): any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial is excludable.

  g. Defendant underwent a competency evaluation in accordance with this Court's March 9, 2012 order.

  h. On May 24, 2012, the psychological report prepared by Dr. Gordan Zilberman, Ph.D., ABPP (BOP, San Diego) was produced to the parties.

  i. On June 11, 2012 at 9:00 a.m., defendant's mental competency hearing will go forward before this Court pursuant to 18 U.S.C. § 4247(d).

  j. Defense counsel has advised that she was not able to meaningfully confer with her client regarding the merits of the case during the psychological evaluation and will need additional time to prepare the case for trial.

        k. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

        l. The government does not object to the continuance.

        m. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 4, 2012 to July 31, 2012, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(F), (h)(3)(A), (h)(7)(A), and (h)(7)(B)(i) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusually and procedurally complex, due to the nature of the prosecution and the witnesses involved, namely a child protection social worker subject, military personnel with an expected deployment in June 2012, and defendant's mental evaluation that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant

the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_6/6/2012_
DATE

AMANDA M. BETTINELLI
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

//
//
//
//
//

1  I am DANI SMITH's (aka "Dani McLeod's") attorney.  I have
2 carefully discussed every part of this stipulation and the
3 continuance of the trial date with my client. I have fully
4 informed my client of her Speedy Trial rights.  To my knowledge,
5 my client understands those rights and agrees to waive them.  I
6 believe that my client's decision to give up the right to be
7 brought to trial earlier than July 31, 2012 is an informed and
8 voluntary one.

9  6/6/12                              /s/ Asal Akhondzadeh
   DATE                                 ASAL AKHONDZADEH, ESQ.
10                                      Attorney for Defendant
                                        Dani Smith (aka "Dani McLeod")