ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ALLISON L. WESTFAHL KONG (Cal. State Bar No.: 290405)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6526
    Facsimile: (213) 894-0141
    E-mail: allison.westfahl-kong@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-1210-ODW |
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| DANI SMITH, aka Dani McLeod, Defendant. | |

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    ____ 1.  <u>Temporary 10-day Detention Requested (§ 3142(d))</u>

        <u>on the following grounds</u>:

        ____ a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); <u>or</u>

  \_\_\_ b. defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

  \_\_\_ c. defendant may flee; or

  \_\_\_ d. pose a danger to another or the community.

 _X_ 2. <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure</u>:

  _x_ a. the appearance of the defendant as required;

  _x_ b. safety of any other person and the community.

 \_\_\_ 3. <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>:

  \_\_\_ a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

  \_\_\_ b. defendant cannot establish by clear and convincing evidence that he/she will not flee.

 \_\_\_ 4. <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>:

  \_\_\_ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

  \_\_\_ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and

|   |   |   |
|---|---|---|
|   |   | flight risk); |
| ____ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| ____ | d. | defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| __X__ | 5. | <u>Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves</u>: |
| ____ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
| ____ | b. | an offense for which maximum sentence is life imprisonment or death; |

3

```
             ____  c.  Title 21 or MDLEA offense for which maximum
                       sentence is 10 years' imprisonment or more;
             ____  d.  any felony if defendant has two or more
                       convictions for a crime set forth in a-c above or
                       for an offense under state or local law that
                       would qualify under a, b, or c if federal
                       jurisdiction were present, or a combination or
                       such offenses;
             ____  e.  any felony not otherwise a crime of violence that
                       involves a minor victim or the possession or use
                       of a firearm or destructive device (as defined in
                       18 U.S.C. § 921), or any other dangerous weapon,
                       or involves a failure to register under 18 U.S.C.
                       § 2250;
              X    f.  serious risk defendant will flee;
             ____  g.  serious risk defendant will (obstruct or attempt
                       to obstruct justice) or (threaten, injure, or
                       intimidate prospective witness or juror, or
                       attempt to do so).
        ____  6. Government requests continuance of _____ days for
                 detention hearing under § 3142(f) and based upon the
                 following reason(s):
                 _____
                 _____
                 _____
//
//
```

7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

DATED: 11-8-13

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


       /s/
ALLISON L. WESTFAHL KONG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA